1366-14

PD-1366-14

In The Court Of Criminal Appeals of Texas

Robert Joseph Grygar, Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 27 2015
Abel Acosta, Clerk

Verse

The State of Texas, Appellee

MOTION For Rehearing of PD-1366-14

of Opinion No. 10-13-00371-CR, From Tenth

Court of Appeals, From the 66TH District

Court, Hill County, Texas, Trial Court

No. 36,023.

FILED IN
COURT OF CRIMINAL APPEALS
FEB 27 2015
Abel Acosta, Clerk

Motion for Rehearing on Refusal of

PD-1366-14 on 11 February 2015, The

Appellant asks for a rehearing on the

Grounds that Follow.

pg. 1

The Texas Legislature never intended for the Penal Statute §49.04 Driving While Intoxicated to be used in the current manner 66th District Court and 10th Court of Appeals confirmed, of Involuntary Intoxication while being parked on a Public Road.

On the day in question Appellant makes claim that he was Involuntarily Intoxicated while working with and later during a Confined Space Exposure Accident with a nearly Lethal Dose of Trichloro Floro Methane, and tracer chemical for smell warning. This Chemical is Registered with Environmental Protection Agency and is a known chemical that freely reacts with water

Pg 2

to produce chloroform gas and chlorinated ethanol and other toxic products. The Appellant makes claim that while driving he felt himself become sick and made the Safe and Prudent Decision to pull off the State Highway and into the ditch parking area, turn his vehicle off and place vehicle into parked out of service condition and rest. Mr. Macey stated on the record pg. 56, that chloroform puts you to sleep. Mrs. Jeffcoat on pg 23 testified that she did not witness him "operate the vehicle, drive it at all" and she further states "he was dead or passed out" which gives credible evidence of presence of chloroform and there was a possible accident

pg 3

in nature going on and not Driving While Intoxicated. Officer Partington testified on pg 84 he smelled "alcohol", but he never said exactly where or could define beyond to pinpoint source. Here again it is probable Trichlorofloro-methane could have been inhaled by officer; since it is an inhalation hazard chemical. The vidio shows the truck, the barrels, and the noticable spill. The Appellant under the belief that given a full blood Analysis the chemicals causing the impairment would be found, gave permission for blood draw. State Exhibit 1 shows where it is Requested for alcohol and drug content and then conveintly made a note:

pg 4

"No drug analysis due to the alcohol concentration."

The Appellant believes had the State of Texas done their due diligence and completed both test it would have shown the presence of Trichlorofloromethane and products, not just ethanol as they currently claim. During Trial Defense made objection to State's exhibit 3 as to Relevant. Appellant believes if or since State knew of possible chemical exposure incedent occured, why is there no evidence of actual test, just an unsubstantiated claim of total ethanol. Appellant has Claimed from incedent that he was Involuntarily Intoxicated when he was arrested for

Pg 5

Driving While Intoxicated charge when was asleep, parked in ditch parking area near Waxahachie, Texas, and Appellant believes these are sufficient circumstances to grant Appellant's Motion For Rehearing on PD-1366-14.

Respectfully submitted,

Robert Joseph Grygar
Appellant, Pro Se
TDCJ# 01895559
Bartlett State Jail
1018 Arnold St
Bartlett, TX 76511

## Certificate of Service

I, Robert Joseph Grygar, Appellant Pro Se, do hereby certify that a true and correct copy of the above and motion is so grounded and that the motion is made in good faith and not for delay. On this the 25 day of February, 2015.

Robert Joseph Grygar
TPCJ# 01895559
Appellant, Pro Se

Robert Joseph Grygar
D1845559
BARTLETT STATE Jail
1018 Arnold Drive
Bartlett, Tx 76511

PRIVILEGED

Legal

Court of CRIMINAL Appeals of Texas
P.O. Box 12308
Capital Station, Austin, Texas 78711

Legal

Legal